UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RUTHIE LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>BETTY LEWIS,<br><br>Defendant. | Civil No. 10-218 (JMR/SRN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff alleges that Defendant, (who apparently is Plaintiff's sister), has taken money from Plaintiff's bank account. Plaintiff's complaint does not explain how this alleged conversion occurred.

The complaint also includes several vague allegations of identity theft, "domestic abuse," stalking, and threats to kill Plaintiff. It is unclear whether Plaintiff is alleging that Defendant is somehow responsible for some or all of this alleged wrongdoing.

Plaintiff describes the relief she is seeking as follows: "I would like to get back my money they take [sic] from my Bank." (Complaint, p. 4.)

Plaintiff's complaint indicates, at least implicitly, that there is no federal question presented in this case. (Complaint, p. 3, §§ 3 and 4.) The complaint also indicates that both Plaintiff and Defendant reside in Minnesota. (Complaint, pp. 1-2, §§ 1, 2.) Based on this information, the Court must consider whether federal subject matter jurisdiction exists in this case.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

Here, there are no allegations in the complaint which suggest that Plaintiff's claims are based on the federal Constitution, or on any laws or treaties of the United States. The complaint form that Plaintiff has used directed her to identify any federal question at issue in this case. (See Complaint, p. 3, § 4.) That section of Plaintiff's complaint has been left blank, which plainly indicates that Plaintiff's claims are not based on any federal law. Furthermore, it clearly appears that Plaintiff's claims must be based on some state common law tort theory – e.g., conversion, fraud, assault or intentional causing of emotional distress.

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy

2

exceeds the sum or value of $75,000, exclusive of interest and costs." Here, the complaint shows that both Plaintiff and Defendant are citizens of Minnesota. (Complaint, pp. 1-2, §§ 1 and 2; p. 3, § 6.) Thus, there obviously is no diversity of citizenship in this case.

## III. CONCLUSION

For the reasons discussed above, the Court finds that federal subject matter jurisdiction does not exist in this case, under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[1]

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: February 4, 2010

                                              s/ Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by

---

[1] The Court's recommendation does not necessarily signify that Plaintiff has no legal recourse for the grievances described in her complaint. Plaintiff could, perhaps, seek relief in state court, based on some state common law tort theory. However, Plaintiff's current complaint is plainly deficient in numerous respects, (besides just lack of subject matter jurisdiction), and she is strongly encouraged to seek legal assistance before pursuing any further court actions.

filing with the Clerk of Court, and serving all parties by **February 19, 2010,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.